*DELBERT M. GREENE*
Name
*HIGH DESERT STATE PRISON*

*INDIAN SPRINGS, NEV*

*DOP I.D # 78774*
Prison Number



FILED
ENTERED

JUL 1 5 2020

COUNSEL/PARTIES OF RECORD

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

*DELBERT M. GREENE* ,
                                    Plaintiff

vs.

*OMD: SHELLY WILLIAMS* ,

*AW: RENE BAKER* ,

*D.D: E.K. McDANIELS* ,

_____ ,

_____ ,
                                    Defendant(s).

Case No. *2:19-cv-01529-APG-NJK*
(Supplied by Clerk of Court)

**CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983**

*(FIRST AMENDED COMPLAINT)*

*TRIAL BY JURY DEMANDED*

### A.    JURISDICTION

1)    This complaint alleges that the civil rights of Plaintiff, *DELBERT M. GREENE* ,
                                    (print plaintiff's name)

who presently resides at *P.O. BOX 650 INDIAN SPRINGS, NEVADA* , were violated by

the actions of the below-named individuals that were directed against Plaintiff at

*ELY STATE PRISON (ESP)*        on    the    following    dates:
(institution/city where violation occurred)
*9-17-2009*      *12-30-2010*              *2-1-2017*
*5TH AMEND* ,    *8TH AMEND* , and    *14TH AMEND* .
(Claim 1)         (Claim 2)                (Claim 3)

Revised 7/8/19

**Make a copy of this page to provide the below**
**information if you are naming more than five (5) defendants**

2)   Defendant *SHELLY WILLIAMS* resides at *3955 W. RUSSELL RD, LV, NV 89116*, and is
      (full name of first defendant)                              (address of first defendant)

employed as *OMD PROGRAM OFFICER III*. This defendant is sued in his/her
                  (defendant's position and title, if any)

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: *WHILE ACTING IN HIS CAPACITY OF AN EMPLOYEE OF THE*

*NEVADA DEPARTMENT OF CORRECTIONS/ELY STATE PRISON*

3)   Defendant *RENE BAKER* resides at *3955 W. RUSSELL RD. LV, NV 89116*, and is

employed as *ASSOCIATE WARDEN*. This defendant is sued in his/her

_X_ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: *WHILE ACTING IN HER CAPACITY OF AN EMPLOYEE OF THE*

*NEVADA DEPARTMENT OF CORRECTIONS/ELY STATE PRISON.*

4)   Defendant *E.K. MC DANIELS* resides at *3955 W. RUSSELL RD. LV, NV 89116*, and is

employed as *DEPUTY DIRECTOR D.D.'s*. This defendant is sued in his/her

_X_ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: *WHILE ACTING IN HIS CAPACITY OF AN EMPLOYEE OF THE*

*NEVADA DEPARTMENT OF CORRECTIONS/DEPUTY DIRECTOR,*

5) Defendant _____ resides at _____, and is employed as _____. This defendant is sued in his/her ___ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: _____

_____

6) Defendant _____ resides at _____, and is employed as _____. This defendant is sued in his/her ___ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: _____

_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

_____

_____

### B.     NATURE OF THE CASE

8) Briefly state the background of your case.

PLAINTIFF SERVE ONE SENTENCE "TWICE"; IN ADDITION TO THIS VIOLATION OF THE 5TH AMENDMENT; PLAINTIFF EXPIRED FOR (3) THREE YEARS WHILE STILL BEING HELD AGAINST HIS LIBERTY. NOTICE WAS GIVEN '7' YEARS PRIOR YET IGNORED BY ALL DEFENDANT'S; 2,555 DAY OF THE SAME ROBBERY CHARGE; 1095 DAYS PAST EXPIRATION. CASEWORKER'S KAY WEISS AND DORTHY BRADSHAW GAVE PLAINTIFF (OFFENDER LEGAL ORDERS) FROM 9/17/2009 AND 12/30/2010

## C.    CAUSE(S) OF ACTION

### CLAIM 1

The following civil rights have been violated: *FIFTH AMENDMENT CLAUSE (5TH): PLAINTIFF WAS SUBJECTED TO SERVE THE SAME SENTENCE TWICE, PUT IN DOUBLE JEOPARDY OF HIS LIFE, BY THESE SET OF FACTS STIPULATED ON RECORD:*

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1.) ON 2/26/2006, PLAINTIFF WAS GRANTED AN INSTITUTIONAL PAROLE AFTER COMPLETING HIS MINIMUM (4) YEARS OF A 4 TO 15 YEAR ROBBERY SENTENCE.

2.) ON 12/30/2010, PLAINTIFF ALLEGE THAT NDOC, OMD OFFICER III IN CARSON CITY KNEW THAT SHE RECALCULATED ALL PLAINTIFFS SENTENCE'S WHEN SHELLY WILLIAM STATED SHE RECEIVED AN "SECOND AMENDED JUDGMENT OF CONVICTION," IN 2009 SHE KNEW/WAS AWARE!

3.) ON 10/27/2010, PLAINTIFF ALLEGE THROUGH AN "INFORMAL GREIVANCE" LOG # 2006 79 05137 THAT HE WAS "RE-SERVING" HIS ROBBERY CHARGE FOR A SECOND TIME, THROUGH THE RESPONSE OF RENE BAKER. NOTIFYING THIS PER-SON OF THE DOUBLE JEOPARDY VIOLATION.

4.) ON 12/7/2010 DEFENDANT BAKER STATED INFORMAL WAS UPHELD BUT PLAINTIFF WAS STILL SERVING THE ROBBERY, PLAINTIFF DISAGREED TO BAKER DECISION BECAUSE NOTHING WAS DONE.

5.) PLAINTIFF ALLEGE THAT IN 2010 BEFORE INFORMAL GREIVANCE WAS FILED, PLAIN WAS GIVEN A E-MAIL FROM CASEWORKER MS WESTS; WHOM E-MAILED SHELLY WILLIAMS NOTIFYING HER OF PROBLEM WITH THE OFFENDER LEGAL ORDERS NOT COINCIDING WITH PLAINTIFFS MADE INSTITUTIONAL PAROL'S GIVEN TO PLAINTIFF

6.) PLAINTIFF ALLEGE THAT SHELLY WILLIAMS DID RESPOND BACK TO CASEWORK MRS.WESIS, TELLING HER THAT MY SENTENCE'S WAS COR-RECT AND THERE IS NO FURTHER NEED TO LOOK INTO IT.

7.) ON 12/30/2010, CASEWORKER KAY WESIS AGAIN E-MAIL SHELLY WILLIAMS TELLING HER THAT MY INSTITUTIONAL PAROLE'S WAS NOT MATCHING UP TO THE OFFENDER LEGAL ORDER'S BECAUSE, PLAINTIFF WAS SERVING HIS ROBBERY CHARGE OVER FOR A SECOND TIME.

8.) PLAINTIFF ALLEGE THAT ON 12/20/2010, PLAINTIFF FILED A FIRST LEVEL GREIVANCE BECAUSE NO RESPONSE CAME BACK IN (45) DAYS IN ACCORDENCE TO AR-740. EXPLAINING THAT: FOR GOOD BEHAVIOR PLAINTIFF EARNED THOSE INSTITUTIONAL PAROLE'S, AND THAT HE DID NOT DESERVE TO BE TREATED THIS WAY WITH HIS LIFE IN HARMS WAY.

9.) PLAINTIFF ALLEGE THAT RENE BAKER, KNEW PLAINTIFFS SENTENCE WAS RESTRUCTURED BY OMD AND MS. BAKER LEFT WELL ENOUGH ALONE WHEN SHE REFUSE TO ANSWER BACK ON THE FIRST LEVEL GREIVENCE

10.) PLAINTIFF ALLEGE THAT: AGAIN ON 12/30/2010, CASEWORKER D. BRADSHAW E-MAIL SHELLY WILLIAMS NOTIFYING HER OF PLAINTIFF SERVING HIS ROBBERY SENTENCE ALL OVER AGAIN FOR A SECOND TIME, AND THAT PLAINTIFF MADE AN INSTITUTIONAL PAROLE OFF THE ROBBERY CHARGE ON 2/26/2006, PLAINTIFF SHOULDN'T BE BACK ON THAT SEN-TENCE AGAIN!

11.) OMD OFFICER III SHELLY WILLIAMS AGAIN; ALLEGE THAT THE PLAINTIFF SENTENCE WAS CORRECT AND THAT THERE ISN'T A PROBLEM WITH HIS SENTENCE'S BY E-MAIL TO DORTHY BRADSHAW.

12.) PLAINTIFF ALLEGE THAT AGAIN, EMPLOYEES OF NDOC FAILED TO ANSWER GREIVANCE ACCORDING TO AR-740. SO; PLAINTIFF MOVED FOREWARD TO THE SECOND LEVEL GREIVANCE ON 2/5/2011. STATING THE SAME DOUBLE JEOPARDY CLAIM.

13.) PLAINTIFF ALLEGE THAT ON 12/20/2010, HIS GREIVANCE LOG # WAS CHANGED TO # 2006-29-08139 BUT, NEVER RECEIVED THE GREIVANCE RESPONSE BACK AS TO WHOM ADDRESSED THAT GREIVANCE, SO FAR WE KNOW BAKER WAS INVOLVED BY NOT FOLLOWING UP ON HER INFORMAL.

14.) PLAINTIFF ALLEGE THAT HE SENT SHELLY WILLIAMS A NOTICE BY WAY OF LETTER IN 2010 OF DEC, MS WILLIAMS TOLD PLAINTIFF TO "TAKE IT UP WITH YOUR CASEWORKER, THE LETTER IMPLYCATED THAT PLAINTIFF WAS BEING SUBJECTED TO DOUBLE JEOPARDY.

15.) PLAINTIFF ALLEGE THAT, THERE IS SOMEONE ELSE AS LISTED AS JOHN DOE WHOM HAD TO HAVE SIGNED OFF ON THE SECOND LEVEL GREIVANCE, IN WHICH THIS PERSON WAS AWARE OF THE VIOLATION BUT, REFUSE TO ANSWER THE SECOND LEVEL ACCORDING TO AR-740 THE DEPUTY DIRECTOR.

16.) PLAINTIFF ALLEGE THAT; IN THE STATES/ N.D.O.C RECORDS, COURT RECORDS IN CASE # HC 1403003 IN WHITE PINE, ELY NEVADA, ALL EXHIBITS EXIST THAT GREENE DELBERT AS PLAINTIFF DID IN FACT SEND THAT COURT A COM-PLETE COPY OF HIS ENTIRE FILE.

17.) PLAINTIFF ALLEGE THAT, BECAUSE OF THE EXHIBITS SENT TO THE SEVENTH JUDICIAL DISTRICT COURT, THE HONORABLE JUDGE: STEVEN L. DOBRESCU GRANTED PLAINTIFFS "HABERS CORPUS/COMPUTATION OF TIME WRIT ON THE DATE OF NOVEMBER 29TH 2016.

18.) PLAINTIFF ALLEGE THAT, BECAUSE OF THE INSTITUTIONAL MADE PAROLE'S STARTING WITH PLAINTIFF SERVING (4) YEARS FIRST OF THE ROBBERY/BURG-LARY CONCURRENT SENTENCE, PLAINTIFF DID IN FACT SERVE (4) YEARS AND PROCEEDED TO HIS ENHANCEMENT SENTENCE NEXT; OF 4 TO 15 YEARS ON 2/27/2006.

  PURSUANT TO "OFFENDER LEGAL ORDER'S ON 9/17/2009 AND OFFENDER LEGAL ORDER 12/30/2010. N.D.O.C CNRA OFFICER III

SHELLY WILLIAMS MISUNDERSTOOD THE SO CALLED SECOND AMENDED
JUDGMENT OF CONVICTION AND RECALCULATED ALL PLAINTIFFS SEN-
TENCE'S ERASING ALL INSTITUTIONAL'S PAROLE'S AND DEEMED PLAINTIFF
SENTENCE'S CORRECT.

SEVEN YEARS LATER AFTER PLAINTIFF GETS THE COURT INVOLVED
NDOC OMO OFFICER III SHELLY WILLIAMS AGAIN, RECALCULATE THE
SENTENCE'S AND REFUSE TO RESPOND BACK TO COURTS ORDER ON
11/29/2016, BUT KICK PLAINTIFF OUT OF PRISON WITHOUT EXPLAIN-
ING OR SHOWING THE MISCALCULATED DAYS.

19.)  PLAINTIFF ALLEGE THAT BASE ON THE COURTS ORDER FOR SUPPLEMENTAL
RESPONSE; SHELLY WILLIAMS NEGLECTED TO PROVIDE THE SEVENTH JUDICIAL
COURT WITH THE ACTUAL OFFENDER LEGAL ORDERS BEFORE AND AFTER THE
MIS CALCULATION. THESE ORDER'S SHOW THE TIME OF ACTUAL EXPIRATION.

20.)  PLAINTIFF ALLEGE THAT, ATTACHED TO THIS AMENDED COMPLAINT IS THE
ORIGINAL OFFENDER LEGAL ORDER'S FROM 9/17/2009 AND 12/20/2010.
PLAINTIFF SPENT 2,555 (7)YEARS ON THE ROBBERY CHARGE FOR A SECOND
TIME TO THE DATE HE WAS RELEASED — PLAINTIFF SPENT 1095 DAYS PAST
HIS EXPIRATION DATE.

THESE ARE THE FACTS IN THE RECORD THAT EXIST HERE AND HOW
IN THIS UNITED STATES DISTRICT COURT, THIS 5TH FIFTH AMENDMENT
VIOLATION OF DOUBLE JEOPARDY CLAUSE OFFENSE OF ROBBERY WAS SERVED
TWICE WITHOUT JUST COMPENSATION AND THE RISK OF ONE'S LIFE.

21.)  PLAINTIFF ALLEGE'S THAT VIEWING BOTH OFFENDER'S LEGAL ORDERS
YOU CLEARLY SEE THE DOUBLE JEOPARDY DAYS SPENT ON THE ROBBERY
(7) YEARS — 2,555 DAYS; AND AGAIN VIOLATING THE CLAUSE OF THE
EIGHTH AMENDMENT.

22.) PLAINTIFF ALLEGE BY THE GRANTING OF THE HABEAS CORPUS COMPUTATION OF TIME WRIT, THE DEFENDANT SHELLY WILLIAMS PERSONALLY TOOK CONTROL OF THE COURTS ORDER AND FINALLY RECALCULATED PLAINTIFF TIME; BUT FAILED TO SHOW THE CAUSE AND CALCULATED TIME SHE HAD WORK ON FOR 63 DAYS PAST THE COURTS REQUEST. "UNANSWERED QUESTIONS WAS";

1. WHY DID RESPONDENTS NOT COMPLY WITH THE COURT WHICH REQUIRED A RECALCULATION OF SENTENCES/CREDITS BY DECEMBER 23, 2016? AND

2. BASED ON THE RECALCULATION OF SENTENCE/CREDITS, WHEN DID GREENE ACTUALLY EXPIRE HIS SENTENCES? (i.e., IF PRIOR TO FEBRUARY 1, 2017, WHEN?)

ACCORDING TO THE MIS-CALCULATED DAYS/SENTENCE'S, PLAINTIFF HAD IN HIS POSSESSION THE TWO (2) OFFENDER LEGAL ORDERS, IN WHICH SHELLY WILLIAMS SHOULD HAVE SHOWN THE COURT; THESE OFFENDER LEGAL ORDERS PROVIDE THE 2,555 DAY VIOLATION AND THE ACTUAL EXPIRATION DATE OF GREENES SENTENCES/CREDITS. HOWEVER, THE ACTUAL 1095 DAY ILLEGAL HOLDING PAST GREENES EXPIRED DATE.

THESE ALLEGES' ARE FACTS AND TRUE BECAUSE SHELLY WILLIAMS AVOIDED PROVIDING THESE SET OF FACTS THAT PROVE DOUBLE JEOPARDY TO THE COURT.

23.) PLAINTIFF ALLEGE THAT PURSUANT TO ADMINISTRATIVE REGULATION 740 "AR 740" RESPONSIBILITY: DEPUTY DIRECTOR E.K McDANIELS WAS THE ACTING DEPUTY DIRECTOR AT THE TIME OF THE ALLEGED VIOLATION, AND DID IN FACT DENY PLAINTIFF "SECOND LEVEL GRIEVANCE" WITHOUT ISSUING SHELLY WILLIAMS TO RECALCULATE GREENES SENTENCES/ CREDITS. BUT, AVOIDED HIS DUTIES AS REQUIRED IN AR-740. AND CAUSE PLAINTIFF TO BE SUBJECTED TO A DOUBLE JEOPARDY VIO- LATION OF THE UNITED STATES CONSTITUTION.

## CLAIM 2

The following civil rights have been violated: _EIGHTH AMENDMENT (8TH): PLAINTIFF WAS SUBJECTED TO "CRUEL AND UNUSUAL PUNISHMENT" TORTUROUS, DEGRA- DING, INHUMAN, GROSSLY DISPROPORTIONATE TO AN EXPIRED PERSON OF 3 YEARS._

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1.) PLAINTIFF ALLEGE THAT, WHEN KAY WEISS CASEWORKER E-MAIL SHELLY WILLIAMS IN 2010, NOTIFYING HER THAT GREENE SENTENCES WAS AND HAD BEEN WRONGFULLY RECALCULATED, SHELLY WILLIAMS FAILED TO CORRECT THE INFOR- MATION OF PLAINTIFFS GREIVANCES AS TRUE, AND LEFT THE PROBLEM ALONE FOR 2,555 DAYS, IN WHICH RESULTED IN A RIGHT OF PRIVILEGE. THIS RIGHT OF PRIVILEGE CAUSE PLAINTIFF TO SUFFER PAST HIS EXPIRATION DATE FOR A DAYS. (1095) CRUEL UNUSUAL PUNISHMENT.

2.) PLAINTIFF ALLEGE THAT, BY E.K. McDANIELS DENIED SECOND LEVEL GREIVANCE INSTEAD OF RESEARCHING AND FOLLOWING UP ON GREIVANCE AS PROVIDED BY NDOC AR-740 ON RESPONSIBILITY, HE FAILED TO SUPER- VISE GRIEVANCE PROCESS AND A FAIR RESOLUTION BUT, CAUSE PLAINTIFF TO GO 1095 PAST HIS EXPIRATION DATE, WITHOUT GIVING JUST COM- PENSATION AS TO THE MISCALCULATED DAYS, CAUSING PLAINTIFF TO BE SUB- JECTED TO CRUEL UNUSUAL PUNISHMENT.

3.) PLAINTIFF ALLEG THAT, RENE BAKER SHOULD HAVE FOLLOW UP ON GREENES GRIEVANCES AND DONE HER OWN CALCULATIONS AS TO THE ALLEGED PROBLEMS HE WAS SUBJECTED TO, BAKER COULD HAVE MANAGED GRIEVANCE PROCESS AS "A.W." ASSOCIATE WARDEN AND FAILED IN AR-740 RESPONSIBILITY

AND DUTIES, CAUSE PLAINTIFF TO GO PAST HIS EXPIRATION FOR 1095 DAYS, WITHOUT JUST COMPENSATION SUBJECTING PLAINTIFF TO CRUEL UNUSUAL PUNISHMENT.

4.)    PLAINTIFF ALLEGE, THAT BY THE N.D.O.C. ADMINISTRATIVE REGULATION 740. EFFECTIVE DATE 9/16/2014 SUPERSEDES FROM 2/12/2010. UNDER THE AUTHORITY NRS 209.131, NRS 209.246, 42 U.S.C. 15601, et seq. AND 28 C.F.R. 115 PART "IS AND WAS" GOVERNED BY THE CONSTITUTION; WAS VIOLATED BY ALL THREE DEFENDANTS SHELLY WILLIAMS, RENE BAKER AND E.K. MCDANIELS. WHEN EACH OF THEM, IN THEIR INDIVIDUAL CAPACITY PROHIBITED THE PLAINTIFF EXCESSIVE TO CRUEL UNUSUAL PUNISHMENT BY THE EXTENTIVE STAY PAST HIS EXPIRATION DATE, SUBJECTING HIM TO THE PSYCHOLOGICAL DEATHS, STABINGS, SHOOTING AND MISTREATMENT FOR ADDITIONAL 1095 DAYS.   PLAINTIFF IS DEALING WITH BEHAN-IORAL DISORDERS, MENTAL, EMOTIONAL AND WAS REFUSED PSYCHI-ATRIC EXAMINATION UPON HIS RELEASE BUT, KICKED OUT OF CON-FINEMENT AFTER 18 YEARS OF HARD LIVING, 10 IN MAXIMUM SECURITY YET; 1095 DAY TO HARSHER PUNISHMENTS, HOLE TIME AND MISTREATMENT.

5.)    PLAINTIFF ALLEGE THAT, IN MAY OF 2017. HE HAD A NERVOUS BRAKE DOWN COPPING BACK INTO SOCIETY, AND HAD TO SEEK HELP THROUGH SOCIAL SECURITY PSYCHIATRIC DOCTOR. AN ANALYSIS WAS DONE ON PLAINTIFF BY PSYCHIATRIC EXAMINATION AND WAS DETERMINED THAT PLAINTIFF, MENTAL STATE WAS DANERGOUS TO OTHERS BEING AROUND HIM, AND THAT HE SHOULD NOT GO BACK TO WORK FOR THE (LOCAL 1977 CARPENTERS UNION) BUT RECEIVE DISABILITY SOCIAL SECURITY.

## CLAIM 3

The following civil rights have been violated: _FOURTEENTH AMENDMENT (14TH) PLAIN-TIFF WAS ABRIDGED HIS PRIVILEGE AND IMMUNITIES AS A CITIZEN OF THE U.S. AND DENIED EQUAL PROTECT OF LAW._

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1.) PLAINTIFF ALLEGE THAT, EACH DEFENDANT BY WAY OF THEIR POSITION AS AN EXECUTIVE STAFF MEMBER FAILED TO FULFILL THEIR OBLIGATIONS IN THEIR TITLEMENT, AND KNEW EACH ONE SHELLY WILLIAMS, RENE BAKER AND E.K. MC DANIELS; WAS PROHIBITING AND DENYING AND EQUAL PROTECTION AND FROM ABRIDGING THE PRIVILEGES AND IMMUNITIES OF A WOULD BE CITIZEN OF THE UNITED STATES AS AN EXPIRED PERSON, GOVERNING HIM FULL IMMUNITY BACK INTO A WAITING SOCIETY.

2.) PLAINTIFF ALLEGE THAT, THIS DECISION MADE BY SHELLY WILLIAM RENE BAKER AND E.K. MC DANIELS WAS AN ACT OF INDIVIDUAL CAPA-CITY THAT EFFECTED THE CIVIL-RIGHTS OF A CITIZEN HELD AGAINST HIS WILL, ABRIDGING -REDUCE OR AND DIMINISHING A CITIZEN OF FREE WILL, THESE DEFENDANT'S DENIED PLAINTIFF OF HIS FAMILY AND TO GO BACK TO WORK WITH HIS (UNION LOCAL 1977 CARPENTERS) AS A 25 YEAR MEMBER.

3.) PLAINTIFF ALLEGE THAT, SHELLY WILLIAMS, RENE BAKER AND E.K. MC DANIELS DID IN FACT KNOW THAT EACH OF THEM WAS AWARE OF A 14TH AMENDMENT VIOLATION, EXPLAIN TO THEM IN THE FIRST LEVEL

GRIEVANCE AS WELL AS THE 5TH AND 8TH AFOREMENTION IN 2010.
NOTICE BY CASEWORKER KAY WEISS; AND DORTHY BRADSHAW BOTH
WORKING AS CASEWORKER'S AT ELY STATE PRISON AT THE TIME AND
PLACE OF SAID VIOLATIONS ACCURED. SEE FIRST LEVEL GRIEVANCE;

4.)   PLAINTIFF ALLEGE THAT, UPON A NOTICE BY GRIEVANCE IN-
WHICH RENE BAKER AND E.K. MC DANIELS WERE AWARE THAT
THEY WOULD BE VIOLATING PLAINTIFFS EQUAL-PROTECTION
RIGHT, NIETHER DEFENDANT DONE NOTHING TO ENSURE THAT
PLAINTIFF WOULD NOT BE HARMED ACCORDING TO THE STAN-
DARDS OF THE 14TH AMENDMENT.

5.)   PLAINTIFF ALLEGE THAT, SHELLY WILLIAMS WAS THE
PROGRAM OFFICER III FOR "2" YEARS WHEN SHE PERSONALLY WAS
INVOLVED BY E-MAIL WITH KAY WEISS AND DORTHY BRADSHAW
IN 2009 — 2011, AND INQUIRED THAT PLAINTIFF SENTENCE'S
WAS CORRECT YET; BY ORDER OF THE COURT TO RESTRUCTURE
PLAINTIFFS SENTENCES/CREDITS, SHE KICKED PLAINTIFF OUT OF
THE PRISON AND FAILED TO ANSWER THE 2016 NOVEMBER
ORDER, HOPING PLAINTIFF WOULDN'T SAY ANYTHING, TO THE
COURT, IMMUNITIES/PRIVILEGES WERE VIOLATED FOR 1095 DAYS.

    THESE ARE THE FACTS OF A FOURTEENTH AMENDMENT VIOLATION;
DEFENDANT SHELLY WILLIAMS, AVOIDED THE COURTS ORDER AS TO
SHOWING CREDITS AND SENTENCE'S RESTRUCTURED, AND, DID ABRIDGE
AND TRYED TO DIMINISH PLAINTIFFS CIVIL RIGHT BY NOT ADDRESS-
ING THE RELEASE UNTIL PLAINTIFF FILED MOTION TO SHOW
CAUSE; IT WAS THE FREE EXERCISE OF PRIVILEGE TAKEN BY ALL THREE
DEFENDANTS WHEN THEY (FAILED TO FULFILL AR-740) AND TRIED
TO PUSH THIS UNDER THE DIRT.

6.) PLAINTIFF ALLEGE THESE SET OF FACTS: DEFENDANT SHELLY WILLIAMS WAS INSTRUCTED BY THE COURT ON 11/29/2016, TO "RESTRUCTURE GREENE'S SENTENCES AND CREDITS TO REFLECT THE COURTS FINDINGS".

PLAINTIFF ALLEGE ON 1/17/2017, FOR AN "ORDER TO SHOW CAUSE" AS TO GREENES FILING.

DEFENDANT SHELLY WILLIAMS BY AFFIDAVIT/DECLARATION DID IN FACT STATE THAT SHE WAS FAMILIAR WITH THE RECORDS OF INMATES, AND FAILED TO PROVIDE THE SET OF FACTS OF [STATE OF NEVADA DEPARTMENT OF CORRECTIONS "OFFENDER LEGAL ORDERS"] HID AWAY ACTUAL SENTENCE'S / CREDITS, THAT WAS ORDERED TO REFLECT THE COURTS FINDINGS; THESE OFFENDER LEGAL ORDERS ARE EXHIBITS 1 AND 2; SHE FABRICATED AN AFFIDAVIT/DECLARATION KEEPING OUT OF THE COURTS VIEW "NOTIS".

DURING HER EXPLAINATION OF PAGE 2; LINE 5 SHE SHELLY WILLIAMS LIAED KEPT THE TRUTH AWAY FROM THE COURTS VIEWING; HOWEVER, PLAINTIFF HAVE PROVIDED THESE SET OF FACTS WITH BOTH (OFFENDER LEGAL ORDERS)/ (NOTIS) DATED SEPTEMBER 17, 2009 AND DECEMBER 30, 2010.

7.) PLAINTIFF ALLEGE THAT SHELLY WILLIAMS TRYED TO COVER UP THE FACT THAT (OFFENDER LEGAL ORDERS) ARE AND WAS IN HER POSSESSION AT THE TIME OF COURTS REQUEST — PLAINTIFF IS PROVIDING IN THIS FIRST AMENDED COMPLAINT, THOSE (OFFENDER LEGAL ORDERS) IS ATTACHED AS EXHIBITS TO REFLECT THE ABRIDGING OF PRIVILEGES AND IMMUNITIES OF A CITIZEN, AND THEREFORE DENIED EQUAL PROTECTION OF THE LAW — AND DUE PROCESS: THESE SET OF FACTS SHOW THAT SHELLY WILLIAMS EXTENDED A CUSTODIAL PERIOD WITHOUT AFFORDING THE PLAINTIFF AN OPPORTUNITY TO BE HEARD, THIS ACT OF DECEPTION VIOLATES DUE PROCESS, AND DID SHOW THE [EXPIRATION] OF PLAINTIFF IN MAY 3, 2014

9)    Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? Circle one: Yes or No If your answer is "Yes," describe each lawsuit. (If more than one, describe the others on an additional page answering the following questions.)

a)    Defendants: _____

b)    Name of court and docket number: _____

c)    Disposition (for example, was the case dismissed, appealed or is it still pending?):

_____

d)    Issues raised: _____

_____

_____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

10)   Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? Circle one: Yes or No If your answer is "Yes," describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page answering the following questions.)

**Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:**

a)    Defendants: _____

b)    Name of court and case number: _____

c)    The case was dismissed because it was found to be (circle one): (1) frivolous;

(2) malicious; or (3) failed to state a claim upon which relief could be granted.

d)    Issues raised: _____

_____

_____

e)    Approximate date it was filed: _____

f)    Approximate date of disposition: _____

**Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:**

a)  Defendants: _____

b)  Name of court and case number: _____

c)  The case was dismissed because it was found to be (circle one): (1) frivolous;

(2) malicious; or (3) failed to state a claim upon which relief could be granted.

d)  Issues raised: _____

_____

_____

e)  Approximate date it was filed: _____

f)  Approximate date of disposition: _____

**Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:**

a)  Defendants: _____

b)  Name of court and case number: _____

c)  The case was dismissed because it was found to be (circle one): (1) frivolous;

(2) malicious; or (3) failed to state a claim upon which relief could be granted.

d)  Issues raised: _____

_____

_____

e)  Approximate date it was filed: _____

f)  Approximate date of disposition: _____

### D.    REQUEST FOR RELIEF

I believe I am entitled to the following relief: *"DAMAGES"*

*1.) DISCRETIONARY; LONG TERM CARE IF NEEDED PSYCHIATRIC HELP.*

*2.) PECUNIARY; 2.6 M*

*3.) PUNITIVE; 10.M*

*4.) GENERAL; 500°° A DAY FOR HARM*

*5.) EXPECTATION; AS A CARPENTER FOR THE LOST OF 1095 DAYS 1200°° A DAY*

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

*DELBERT M. GREENE*
(name of person who prepared or helped
prepare this complaint if not the plaintiff)

(signature of plaintiff)

*July 5, 2020*
(date)

## Affidavit/Declaration

I DELBERT M. GREENE, PLAINTIFF IN CASE 2:19-CV-01529 SWEAR UNDER THE PENALTY OF PERJURY THAT THE VOLUNTARY DECLARATION OF FACTS WRITTEN BY ME IS THE TRUTH, THAT I SWEAR BEFORE THE HONORABLE: ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE.

THAT I REQUESTED EXTENTION OF TIME ON 6/11/2020 AND WAS GRANTED THAT TIME TO RETRIEVE 'B' DOCUMENTS FROM THE SEVENTH JUDICIAL DISTRICT CLERK OFFICE IN WHITE PINE COUNTY NEVADA.

I WROTE THE CLERKS OFFICE AND REQUESTED THE FOLLOWING ITEM'S: (ORDER GRANTING WRIT OF HABER CORPUS 11/29/2016); (ALL THREE RESPONSES ON GRIEVANCES); (E-MAILS FROM SHELLY WILLIAMS TO CASEWORKER'S KAY WEISS/DORTHY BRADSHAW)

MY SISTER KIMBERLY A. DAVIS, CALLED WHITE PINE COUNTY COURT AND MELISSA ENSURED HER THAT THE DOCUMENTS WAS PRESENT TO DATE YET, NEVER SENT THE DOCUMENTS TO ME. I AM SURE THROUGH A COURTS ORDER WE CAN OBTAIN THEM, OR BY WAY OF DISCOVERY.

I BELIEVE THAT THERE IS MUCH MORE TO THIS CASE, THAT DEFENDANTS DON'T WANT TO COME OUT; HOWEVER, I WILL PROVIDE THIS COURT WITH THE EVIDENCE THATS LEFT OVER FROM MY ARREST, ALL ORIGINAL PAPER'S DOCUMENT'S, AND PLEADING, WAS KEPT FROM ME UPON MY ARREST AND NEVER RETURNED.

THESE ARE FACTS WITNESS BY MYSELF AND FAMILY MEMBER'S, I SWEAR BY MY KNOWLEDGE THAT THIS IS SOME OF THE THINGS THAT HAS HAPPENED TO ME, AND MY STATEMENT IS TRUE AND CORRECT.

DATED THIS 5TH DAY OF JULY 2020.

DELBERT M. GREENE

Log Number _2004-x70137_

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Delbert Graane _____ I.D. NUMBER: _13774_

INSTITUTION: ELY STATE PRISON _____ UNIT: _3 B 26_

GRIEVANT'S STATEMENT: _I AM CURRENTLY SERVING MY SENTENCE OVER 209 THE SECOND_

_TIME, WILL MAKING IMMINENT ACTION THAT HAS BEEN TAKEN AGAINST ME FOR PERSONAL_

_REASONS HAS COST ME 20 YEARS OF MY LIFE, AND THE NEVADA DEPARTMENT OF COR-_

_RECTIONS HAVE NOT AND WILL NOT CORRECT THE PROBLEM, I AM REQUESTING THAT I BE_

_PUT ON MY LAST SENTENCE AND COMPENSATED FOR THE SUFFERING OF THE THIS ILLEGAL._

### SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _____ DATE:_10/27/10_ TIME: _1:30 PM_

GRIEVANCE COORDINATOR SIGNATURE _____ DATE_11/12_ TIME: _12:30 PM_

GRIEVANCE RESPONSE: _This issue is being reviewed by Sentence Management of Offender Management._

_____

CASEWORKER SIGNATURE: _____ DATE: _12-2-10_

___ GRIEVANCE UPHELD ___ GRIEVANCE DENIED ___ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____ DATE: _12-7-10_

___ INMATE AGREES ___ INMATE DISAGREES

INMATE SIGNATURE:_____ DATE: _12/ / /_

**FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.**

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED NOV 0 9 2010

DOC 3091 (12 / 01)

EXHIBIT "I"

EXHIBIT "I"



# State of Nevada
## Department of Correction
### OFFENDER LEGAL ORDERS
GREENE, DELBERT M 78774

**RECOMMENDED RELEASE DATE: 02/26/2006**

Next Parole Expiration Date(NPD):

| | SENTENCE DATE | RETRO DATE | OFFENSE DESCRIPTION | COUNT | SENTENCE SEQ | SENTENCE CONSECUTIVE TO | MINIMUM | MAXIMUM | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CR 184914 | 02/28/2006 | 02/27/2006 | USE OF DEADLY WEAPON ENHANCEMENT | 3428 | 2 | 3 | 0Y 484 ED | 0Y 1824 ED | A | 02/27/2016 | 03/02/2014 |
| CR 184914 | 09/09/2003 | 09/09/2003 | CONSPIRACY, VIOLENT CRIME | 2238 | 3 | X | 0Y 1584 ED | 0Y 688 ED | P | | |
| CR 184914 | 09/09/2003 | 09/27/2002 | ROBBERY | 130 | 1 | | 0Y 480 ED | 0Y 1824 ED | PTC | 02/24/2006 | 02/27/2006 |
| CR 184914 | 09/09/2003 | 03/27/2002 | BURGLARY WITH A FIREARM | 381 | 4 | 4 | 0Y 384 ED | 0Y 1536 ED | DP | 02/27/2005 | 11/16/2010 |
| | | | | | | | | | | 02/27/2005 | 01/04/2010 |

Sentence Status Legend:
- A — Active
- 0 — Discharged
- DCS — Discharge to Consecutive
- DP — Paroled
- 3 — Parole
- P — Pending
- PTC — Parole is Consecutive
- REACT — Reactivated
- SUSP — Suspended

EXHIBIT "Z"



# State of Nevada
## Department of Correction
### OFFENDER LEGAL ORDERS

**GREENE, DELBERT M 78774**

**RECOMMENDED RELEASE DATE: 02/28/2006**

Next Parole Expiration Date(NPD):

| | SENTENCE DATE | RETRO DATE | OFFENSE | DESCRIPTION | COUNT | SENTENCE SEQ | SENTENCE CONSECUTIVE TO | MINIMUM | MAXIMUM | LIFE | STATUS | STATUS DATE | PED | PEXD | NPD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| C# C134914 | 09/30/2003 | 12/15/2019 | 120 | ROBBERY | 1 | 1 | | 0Y 48M 0D | 0Y 180M 0D | | A | | 12/06/2014 | 06/08/2016 | |
| C# C134914 | 08/20/2003 | 09/15/2003 | 345A | USE OF DEADLY WEAPON ENHANCEMENT | 1 | 6 | 7 | 0Y 48M 0D | 0Y 180M 0D | | A | | | | |
| C# C134914 | 09/30/2003 | 09/04/2009 | 2338 | CONSPIRACY, VIOLENT CRIME | 1 | | | 0Y 180M 0D | 0Y 60M 0D | | | | | | |
| C# 184914 | 09/30/2003 | 02/02/2006 | 2438 | CONSPIRACY, VIOLENT CRIME | 2 | 2 | | 0Y 180M 0D | 0Y 60M 0D | | OT | 12/04/2010 | 10/05/2014 | 10/19/2011 | |
| C# 184914 | 02/28/2006 | 02/27/2006 | 2438 | USE OF DEADLY WEAPON ENHANCEMENT | 3 | | | 0Y 48M 0D | 0Y 180M 0D | | OT | 12/04/2019 | 12/05/2014 | 10/19/2011 | |
| C# 184914 | 09/09/2003 | 02/27/2012 | 120 | ROBBERY | 3 | 2 | 3 | 0Y 48M 0D | 0Y 180M 0D | | OT | 02/27/2010 | 12/05/2014 | | |
| C# 184914 | 09/09/2003 | 02/27/2012 | 201 | ROBBERY | 4 | 3 | | 0Y 36M 0D | 0Y 180M 0D | | OT | 02/28/2010 | 11/18/2019 | | |
| C# C134914 | 09/09/2003 | 02/27/2012 | 301 | BURGLARY WITH A FIREARM / DW | 1 | 4 | | 0Y 36M 0D | 0Y 180M 0D | | OT | 02/27/2008 | 01/04/2016 | | |
| C# C134914 | | | | BURGLARY WITH A FIREARM / DW | 1 | 5 | | 0Y 36M 0D | 0Y 180M 0D | | DCS | 04/03/2009 | 04/03/2009 | | |

not for inmate

MJ26
MJ34

12-14-10

Dear Judge                    June 29, 2020

I, Kimberly A. Davis am the sister of
Delbert N. Greene and the owner of
the Navy Federal bank account ending
in 9914. I requested and paid for
documentation from Ely Nevada.
I spoke with the receptionist
Melissa. She stated that she
would send the documents (2) e-mails
of Shelly Williams and (1) from
Kaye Weiss along with the Responses (3)
of the grievances and the documents
of November 29, 2016. Hopefully my
dates are correct. I instructed her

to send the receipt to my brother as well as all documents. This was over two weeks ago. After speaking with Mr. Greene. She didn't send anything that we had discussed. She, then said she would get help and send the documents. I called again for a third time and She re-assured me She would send the documents with the receipt. Still no response. Mr. Greene sent her a letter requesting all documents. We were on the phone and She opened his mail.

and then said She didn't
know if She had the documents.
When She said she did at the
beginning. So, I asked if
She couldn't find the documents
to send a letter stating the
facts of misplaced/lost as
well as the receipt. This
has been over three weeks.
The copies were $8.00 and
the fee was $2.00. totalling
$10.00. If you have any

questions please call me at
702 553-6630. I was
also willing to pay any
additional fees.

Thank You,



**EveryDay Checking - 9914**

🔍 keyword, amount, or mm/dd/yyyy 

## Jun 8

**POS Debit - 3257 -**
**T-MOBILE**
**5060 S FORT A LAS VEGAS**
**NVUS**                          **-$150.00**

**POS Debit - 3257 -**

**GIV*TABERNACLEOFPR**
**317-663-3088 NV**              **-$150.00**

**POS Debit - 3257 -**
**AMZN MKTP**
**US*MY0RR AMZN.COM/**
**BILLWA**                       **-$35.75**

**POS Debit - 3257 -**
**WHITE PINE**
**COUNTY 888-8916064 NV**        **-$10.00**

Jun 5


Accounts     Transfers     Deposits     Bill Pay    ○○○ More



## Running Balance
## $1,489.47

## Date
 ## 06/08/2020

## Transaction Type
## POS

© 2020 Navy Federal Credit Union. All rights reserved.
Federally insured by NCUA

*PC ESHH6 PR...HI... CLERK ISSUE*
*ABOUT - EXHIBIT: CASE NC 1403003*

# STATE OF NEVADA
## DEPARTMENT OF CORRECTIONS
## INMATE ACCOUNT TRANSACTION
## REQUEST

Date: *7/1/2020*    NO *2019-57*

To: Inmate services

I hereby authorize my account to be charged in the amount
of $ *55¢* *55¥* *(.00)* .................Dollars).

Please pay to *M D O C*

Signature .................

Print name *DELBERT M GREENE*

ID No *75774* Institution *H D SP*

Approved by *S.SNOWBIRE 4/16*

| Transfer | Purchase Order | Postage *LEGAL MAIL* | Other |
|----------|----------------|---------|-------|
|          |                |         |       |

White          Inmate Services          **DOC 509 (Rev.2/06)**
Canary         Institution Copy
Pink           Inmate

DEAR CLERK OF THE COURT.

MY SISTER PAYED YOU BY CREDIT CARD TEN DOLLARS FOR DOCUMENT'S YOU MELLISA ENSURED HER YOU HAD ON THE 4TH OF JUNE 2020.

1. HABEAS CORPUS GRANTING OF ORDER 11/29/2016.

2. (4) E-MAILS FROM SHELLY WILLIAMS, TWO TO KAY WEISS AND TWO TO DORTHY BRADSHAW.

3. THE RESPONSES FROM ALL THREE GREIVANCE'S IN LOG # 2006 29 08137 : 2006 29 08139

I BELIEVE MY SISTER KIMBERLY A. DAVIS REQUESTED THAT YOU SEND ME THE 'RECIEPT' OF HER PAYMENT TO YOU, IT HAS BEEN TWO WEEKS SINCE MY LETTER TO YOU AND YOU HAVE FAILED TO RESPOND.

YOU ENSURED ME AND KIMBERLY A. DAVIS THAT THESE DOCUMENT'S EXIST BECAUSE, I'M THE PERSON WHO FILED THEM IN CASE# HC 1403003 DEPT 2 JUDGE STEVEN L. DOBRESCU.

I DON'T KNOW WHY YOU WILL TELL US ONE THING, EXCEPT OUR FUNDS AND REFUSE TO SEND THE CORRECT PAPER WORK WE PAID FOR.

PLEASE RESPONE BECAUSE, IF YOU SENT ME MY OWN GREIVANCE'S YOU MUST HAVE THE ORDER BECAUSE IT CAME 3 YEARS AFTER WORDS.

DATED THIS 28TH DAY OF JUNE 2020,

P.S.
'SECOND REQUEST'

DELBERT M. GREENE
H.D.S.P.    # 78774

1   Case No. HC-1403003

2   Dept. No.   1

3

4

5

6   IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF

7   NEVADA, IN AND FOR THE COUNTY OF WHITE PINE

8   * * * * * * *

9   DELBERT M. GREENE,

10   Petitioner,

11                              -vs-                    **ORDER**

12   DIRECTOR, JAMES COX,
    DEPARTMENT OF CORRECTIONS,

13

14   Respondent.

15          On September 5, 2018, the court entered an order regarding the petition filed

16   in this case.   Greene filed a response on September 25, 2018, and Respondent filed a

17   notice to the court on October 1, 2018.

18

19          Upon review of the file it appears Greene has expired all his prison sentences

20   and no further relief is available in this case, and no further court action is necessary.

21          Good cause appearing,

22          **IT IS SO ORDERED**.

23          DATED this ___ day of October, 2018.

24

25                              _____
                                DISTRICT JUDGE
26

-1-



Case No. HC-1403003

Dept. No.   1

2018 MAY 29  PM 2: 46

**IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF**

**NEVADA, IN AND FOR THE COUNTY OF WHITE PINE**

✳ ✳ ✳ ✳ ✳ ✳ ✳

DELBERT M. GREENE,

Petitioner,

-vs-

DIRECTOR, JAMES COX,
DEPARTMENT OF CORRECTIONS,

Respondent.

**ORDER**

On November 29, 2016, the court granted in part Petitioner "Greene's" Petition for Writ of Habeas Corpus, and ordered Respondent to re-structure Greene's sentence.  On January 17, 2017, Greene filed an "Order to Show Cause" which was responded to on February 7, 2017.  The response indicated NDOC had recalculated Greene's sentence and as a result he was released from prison on February 1, 2017.  The court entered an Order for Supplemental Response on April 3, 2017.  On May 4, 2017,  a response was filed explaining why NDOC had not recalculated Greene's sentence within the time frame provided in this Court's November 29, 2016 order.  The response indicated that Greene should have been released on June 25, 2016, but the calculations were not

-1-

SEVENTH JUDICIAL DISTRICT COURT
STEVE L. DOBRESCU
DISTRICT JUDGE
DEPARTMENT I
WHITE PINE, LINCOLN AND EUREKA COUNTIES
STATE OF NEVADA

1    completed until January 31, 2017.   Greene has filed a Motion to Render Decision on

2    Sanctions, a Motion to Immediately be Heard and a Motion in Good Faith.

3         Greene seeks sanctions in the form of money from Respondents

4    ($821,000.00).   The court does not have the authority to enter such a sanction in this

5    habeas proceeding.

6         Good cause appearing,

7

8    **IT IS HEREBY ORDERED** that Greene's motions are **DENIED**.

9    DATED this _29_ day of May, 2018.

10

11

12    _____

     DISTRICT JUDGE



RECEIVED
APR 03 2017
White Pine County Clerk

Case No. HC-1403003

Dept No. 1

FILED

2017 APR -3  PH 3: 53

WHITE PINE COUNTY CLERK

BY_____
DEPUTY

IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF

NEVADA, IN AND FOR THE COUNTY OF WHITE PINE

❊ ❊ ❊ ❊ ❊ ❊ ❊

DELBERT M. GREENE,

                  Petitioner,

    -vs-

DIRECTOR, JAMES G. COX, et al.,

              Respondent(s).

**ORDER FOR
SUPPLEMENTAL RESPONSE**

STEVE L. DOBRESCU
DISTRICT JUDGE
DEPARTMENT I
WHITE PINE, LINCOLN AND EUREKA COUNTIES
STATE OF NEVADA

On November 29, 2016, the court entered an order granting in part

Petitioner's Petition for Writ of Habeas Corpus.  The order specifically provided as

follows:

> "5.  NDOC shall within thirty (30) days of the date of this
> order restructure Greene's sentence and credits to
> reflect the court's findings, and counsel shall file proof of
> the same with the court."

On January 17, 2017, Greene filed an "Order to Show Cause."  According

to Greene's filing, NDOC had not complied with the November 29, 2016 order.

Respondents received an extension of time to answer and filed a Response on

February 7, 2017.  The response indicates that as of February 1, 2017,  NDOC finished

-1-

"re-calculating Greene's sentences," and he was released because his sentences were expired. On March 16, 2017, Greene filed a Request for Submission.

It is undisputed that Greene has been released from prison, however, the response filed on behalf of Respondents leaves two questions unanswered:

1.  Why did Respondents not comply with the order of this court which required a recalculation of sentence/credits by December 29, 2016? and

2.  Based on the recalculation of sentence/credits, when did Greene actually expire his sentences? (i.e., if prior to February 1, 2017, when?)

The release of Greene does not render these issues moot.

Good cause appearing,

**IT IS HEREBY ORDERED** that Respondents shall, on or before May 5, 2017, file and serve a response to the above noted questions, in the form of an affidavit(s) by someone with knowledge of said matters.

DATED this 3 day of April, 2017.

DISTRICT JUDGE

-2-

1   Case No. HC-1403003

2   Dept. No. 1

3

4

5

6   IN THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF NEVADA,

7   IN AND FOR THE COUNTY OF WHITE PINE

8

9   DELBERT GREENE,                    )            **AFFIDAVIT OF**
                                        )            **SHELLY WILLIAMS**
10                        Petitioner,   )

11      vs.                             )

12   DIRECTOR , JAMES COX, et al.,      )
                                        )
13                        Respondents.  )

14   STATE OF NEVADA      )
                          ) :ss.
15   CARSON CITY          )

16      AFFIANT Shelly Williams is employed by the Nevada Department of Corrections (NDOC).

17   Affiant is currently the Program Officer III for NDOC in the Offender Management Division (OMD) in

18   Carson City. Affiant has been employed by NDOC for approximately 21, years and has been Program

19   Officer III for approximately 9 years;

20      1.)   Your Affiant, through her position is familiar with the records of inmates, including

21   credit histories and sentence structures on NDOC's offender tracking systems;

22      2.)   Your Affiant is the OMD staff person that worked on the sentence recalculation for

23   inmate Delbert Greene (GREENE), NDOC #78774;

24      3.)   Your Affiant states that OMD received the Court's order from the Attorney General's

25   Office on states that as a result of this Court's November 30, 2016 order,

26      4.)   In order to assist the Court in understanding the lengthy time needed to process the

27   Court's request, Affiant provides the following background information:

28      a.)   The Eighth Judicial District Court imposed GREENE's original sentence in 2003;

Office of the
Attorney General
1539 Ave F
Ely Nevada 89301

1

b.) At that time, NDOC used the Nevada Corrections Information System (NCIS) to track offender data;

c.) That system, was replaced by the Nevada Offender Tracking Information System (NOTIS) in July, 2007;

d.) At the time NOTIS went online, the only information converted from NCIS to NOTIS was information from sentences yet to be served;

e.) OMD experienced difficulties with NOTIS' capabilities, especially since OMD had to keep track of indeterminate sentences for new offenders and determinate sentences of parole violators;

f.) In 2014, NDOC replaced NOTIS with Offender Sentence Management (OSM), designed by a NDOC programmer and an NDOC IT Supervisor, neither of whom still work for NDOC;

g.) OMD experiences difficulties when sentences have been converted from NCIS to OSM because of changes dates such as parole eligibility dates, discharge dates, and start dates of consecutive sentences (these are examples and not an exhaustive list);

5.) In order to comply with the Court's order (for the reasons stated in paragraph 5(g)), Affiant had to go back to NCIS and verify the original sentence structure and parole dates, because the dates in OMD's current program (OSM) were different than the dates and sentence structure after NDOC restructured GREENE's sentence pursuant to the amended judgment;

6.) Going back into NCIS was necessitated in order to confirm that dates were correct on any documentation that GREENE previously received regarding discharged sentences, because that information was not transferred to NOTIS;

7.) As a result of the discrepancies in dates, Affiant had to begin calculating GREENE's sentences by hand, then attempting to input the data into OSM manually;

8.) This process resulted in OSM rejecting the data. On December 7, 2016, Affiant first met with NDOC Management Information System (MIS) staff;

9.) On December 14, 2016, Affiant received an e-mail from her supervisor directing the ordering of a certified copy of the Court's order, which OMD staff requested on December 15, 2016;

1      10.)    On December 14, 2016, and December 21, 2016, Affiant also met with MIS staff to

2    check on the progress of the repeated error messages I received regarding manual input of data

3    regarding the recalculation of GREENE's sentence;

4      11.)    The process to recalculate GREENE's sentence consisted of these weekly meetings with

5    MIS staff, and working twice a week with MIS staff to get the data input into OSM, with Affiant

6    working on hand calculations of GREENE's sentence when not working with MIS staff in person or

7    over the phone;

8      12.)    Affiant states that this process was not completed until GREENE's recalculated sentence

9    was fully input into OSM on January 31, 2017, at which time GREENE was approved for discharge and

10   released to his family on February 1, 2017;

11      13.)    According to the recalculated sentence pursuant to this Court's order, GREENE's

12   release date should have been June 25, 2016;

13      14.)    Should the Court request additional information, Affiant is available to provide addition

14   information during a hearing by either telephonic or in person appearance.

15           DATED this   _4_   day of May, 2017.

16

17                           _Shelly Williams_

                                     Shelly Williams

18

19

20   SIGNED AND SWORN to before me

21   by Shelly Williams

22   this  _4th_  day of May, 2017.

23

24         NOTARY PUBLIC

25

26

27

Office of the
Attorney General
1539 Ave F
Ely Nevada 89301

28

                         KATHY SWAIN
                         NOTARY PUBLIC
                       STATE OF NEVADA
                    My Appt. Exp. Oct. 21, 2019
       No. 96-4148-5

Case No.    HC-1403003

Dept. No.    1

FILED

2017 MAY -4 PH 3: 10

WHITE PINE COUNTY CLERK

BY _____

IN THE SEVENTH JUDICIAL DISTRICT COURT
STATE OF NEVADA, IN AND FOR THE COUNTY OF WHITE PINE

DELBERT M. GREENE,                    )
                                       )
                    Petitioner,        )
                                       )
    vs.                                )
                                       )
DIRECTOR JAMES G. COX, *et al.*        )
                                       )
                    Respondents.       )
                                       )

**RESPONSE TO COURT'S ORDER OF APRIL 5, 2017**

Respondents, by and through counsel, ADAM PAUL LAXALT, Attorney General of The State

of Nevada, and MICHAEL J. BONGARD, Deputy Attorney General, hereby replies to this Honorable

Court's April 5, 2017 order for supplemental response, with the attached affidavit from Shelly

Williams, Records Manager/Program Officer, Offender Management Division.

DATED this _4th_ day of May, 2017.

ADAM PAUL LAXALT
Attorney General

By: _____
    MICHAEL J. BONGARD
    Nevada Bar No. 007997
    Deputy Attorney General

Office of the
Attorney General
1539 Ave F
Ely Nevada 89301

Page 1 of 3

1

**AFFIRMATION**
**(Pursuant to NRS 239B.030)**

2

The undersigned does hereby affirm that the foregoing document does not contain the social

3

security number of any person.

4

Dated: May 4, 2017.

5

ADAM PAUL LAXALT
Attorney General

6

7

By: _____
MICHAEL J. BONGARD
Nevada Bar No. 007997
Deputy Attorney General

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Office of the 28
Attorney General
1539 Ave F
Ely Nevada 89301

1

## CERTIFICATE OF SERVICE

2      I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that

3   on May 4th 2017 I deposited for mailing in the United States Mail, first-class postage prepaid, at Ely,

4   Nevada, a true and correct copy of the foregoing document, addressed to the following:

5

6      Delbert Greene
       3851 Twinkle Star Dr.
       Las Vegas, NV 89115

7

8      _____
       S. Summers, an employee of
       the office of the Nevada Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Office of the
Attorney General
1539 Ave F
Ely Nevada 89301

