UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELBERT M. GREENE, | Case No.: 2:19-cv-01529-APG-NJK |
| Plaintiff | **Order Denying Defendants' Motion to Dismiss** |
| v. | [ECF No. 37] |
| SHELLY WILLAMS, et al., | |
| Defendants | |

Plaintiff Delbert M. Greene brings this action, *pro se*, under 42 U.S.C § 1983 against three Nevada Department of Corrections (NDOC) officials: Shelly Williams, Renee Baker, and E.K. McDaniel. Greene alleges that the defendants violated his constitutional rights by miscalculating his custodial sentence. Defendants Baker and McDaniel move to dismiss, arguing that Greene's claims are time-barred. I deny the motion because the complaint sufficiently states a basis for a possible application of equitable tolling. I order the parties to submit briefs about whether this action should be equitably tolled.

I.   BACKGROUND

Greene was an inmate at Ely State Prison. ECF No. 11 at 1. While in custody, he filed a petition for a writ of habeas corpus in Nevada's Seventh Judicial District claiming that NDOC had miscalculated his time, causing him to overserve his sentence. *Id.* at 7, 29-31.[1] On November 29, 2016, the state court granted his petition in part and ordered prison officials to restructure Greene's sentence within 30 days. *Id.* at 32. On January 17, 2017, Greene moved for

---

[1] Greene attached several documents to his complaint. I may review these documents when considering this motion to dismiss without converting the motion to one for summary judgment because the documents were properly submitted as part of the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

an order to show cause, alleging NDOC still had not done so. *Id* at 32-33.  NDOC responded that Greene's sentence had been recalculated and that he was released from prison on February 1, 2017 as a result. *Id.* at 30.  The state court ordered NDOC to explain why it had not recalculated Greene's sentence within 30 days as required by the prior order. *Id*.  In its response, NDOC included an affidavit from defendant Williams, dated May 4, 2017, admitting that NDOC had miscalculated Greene's sentence and that he had overserved his time. *Id.* at 34-36.  The court closed Greene's case on October 10, 2018. *Id*. at 29.

Greene filed this action on August 30, 2019 asserting Fifth, Eighth, and Fourteenth Amendment claims under 42 U.S.C. § 1983. ECF Nos. 1; 11 at 1, 4-11.  The defendants now move to dismiss the complaint as untimely. ECF No. 37.

## II. ANALYSIS

I may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) as time-barred "only when the running of the statute of limitations is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (simplified).  When deciding a motion to dismiss, I take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* plaintiff are held to less stringent standards than formal pleadings drafted by lawyers and "should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

The defendants argue I should dismiss Greene's complaint because it is time-barred by a two-year limitation period that began running either (1) as early as 2010, when Greene began filing grievances in which he asserted that he was overserving his sentence; (2) on May 4, 2017,

when Williams admitted in her affidavit that Greene's sentence was miscalculated; or (3) on November 29, 2016, when the state court partially granted Greene's habeas petition. Greene responds that his complaint is not time-barred because his § 1983 claims first accrued when the state court closed his underlying habeas case on October 10, 2018.

The limitation period for a § 1983 claim is governed by the forum state's limitation period for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Nevada, the limitation period for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e).

Federal law governs when a § 1983 claim accrues. *See Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018). The limitation period on a § 1983 claim for miscalculation of a prison sentence accrues on the date a plaintiff's habeas petition is granted. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A] prisoner . . . has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *see also Erlin v. United States*, 364 F.3d 1127, 1130-33 (9th Cir. 2004) (relying on *Heck* to find that a plaintiff's Federal Tort Claims Act claim for miscalculation of his prison sentence accrued when the court granted his underlying writ of habeas corpus).

Although federal law determines when Greene's § 1983 claim accrues, Nevada law determines whether the § 1983 limitation period should be equitably tolled. *Jones*, 393 F.3d at 927. Equitably tolling may apply if (1) the plaintiff acted with reasonable diligence in pursuing their claim and (2) extraordinary circumstances prevented them from timely filing a complaint. *Fausto v. Sanchez-Flores*, 482 P.3d 677, 679, 681-82 (Nev. 2021) (finding equitable tolling applies to § 11.190(4)(e)). If a plaintiff satisfies this threshold inquiry, I then must consider the following non-exhaustive factors: (1) the plaintiff's diligence; (2) the plaintiff's knowledge of

the relevant facts; (3) the plaintiff's reliance on authoritative statements that misled the plaintiff about the nature of their rights; (4) any deception or false assurances on the defendant's part; (5) the prejudice to the defendant that would actually result from delay during the time that the limitation period is tolled; and (6) any other equitable considerations appropriate in the particular case. *See Wilson v. Las Vegas Metro. Police Dep't*, 498 P.3d 1278, 1282 n.2 (Nev. 2021); *Salloum v. Boyd Gaming Corp.*, 495 P.3d 513, 518 (Nev. 2021); *see also Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1166 (D. Nev. 2004) (applying Nevada's equitable tolling factors in § 1983 context).

Greene's § 1983 claims accrued when his sentence was at least partially impugned by the state court judge granting him partial habeas relief on November 29, 2016. However, neither party included the judge's order in their filings, so it is unclear to me what issues, if any, remained before the state court following its grant of partial relief. But given that the November 29, 2016 ruling granted Greene habeas relief on his allegation that he had overserved his sentence, the limitation period for Greene's § 1983 claims likely expired two years after that ruling.

However, it is debatable whether the limitation period on Greene's claims should be equitably tolled. Construing Greene's complaint liberally, he may be able to demonstrate that equitable tolling should apply to his claims. *See, e.g.,* ECF Nos. 11 at 29 (Greene litigated his habeas case until October 2018), 10 (Greene had a breakdown and sought psychiatric help in May 2017); 39 at 4 (Greene argues he "fill[ed] the gap in one year filing by the ending challenge of the habeas corpus"). Therefore, I deny the defendants' motion to dismiss, and I will give Greene a chance to show why his claims should be equitably tolled.

/ / / /

4

### III. CONCLUSION

I THEREFORE ORDER that the defendants Renee Baker and E.K. McDaniel's motion to dismiss **(ECF No. 37) is DENIED.**

I FURTHER ORDER that plaintiff Delbert M. Greene shall show cause in writing by **April 28, 2022** as to why his claims should be equitably tolled. The defendants will have **14 days** after service of Greene's brief to respond. Greene will have **seven days** after service of the defendants' response to file a reply.

DATED this 31st day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE