UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELBERT M. GREENE, | Case No.: 2:19-cv-01529-APG-NJK |
| Plaintiff | **Order (1) Denying Motion to Dismiss, (2) Granting Equitable Tolling, (3) Denying Motion for Temporary Restraining Order, and (4) Referring Case to Pro Bono Program** |
| v. | |
| SHELLY WILLIAMS, et al., | |
| Defendants | [ECF Nos. 37, 48, 55, 61] |

The defendants previously moved to dismiss plaintiff Delbert Greene's claims as time-barred. I ordered the parties to submit briefs about whether Greene is entitled to equitable tolling of the limitation period. ECF No. 45. I now find that Greene's claims are timely because the limitation period was tolled while his prior federal court case was pending.

I also deny Greene's motion for a temporary restraining order. ECF No. 48.[1] And I will seek to have pro bono counsel appointed for him.

I.  **BACKGROUND**

Greene is an inmate in the custody of the Nevada Department of Corrections (NDOC). While he was in custody for prior convictions, he filed a petition for a writ of habeas corpus in the Nevada state court claiming that NDOC had miscalculated his prison sentence, causing him to overserve his time. On November 29, 2016, the state court granted his petition in part and

---

[1] Greene filed a document improperly titled a "motion to show cause." ECF No. 55. That document is an additional response to my order asking why his claims should not be equitably tolled, not a motion requesting new relief. *See Id.* at 1 ("Comes now, plaintiff, Delbert M. Greene, pro se, . . . to show cause as to why my claims should be equitably tolled . . . ."). Thus, I deny it as moot.

ordered NDOC to restructure Greene's sentence within 30 days. ECF No. 11 at 32-33.  NDOC belatedly responded that Greene's sentence had been recalculated on January 31, 2017 and that he had been released from prison on February 1, 2017. *Id.*; ECF No. 50 at 14.  Greene requested monetary sanctions in the state habeas case, but the state court ruled it did not have authority to enter such a sanction in that proceeding. ECF No. 11 at 30-31.

On April 3, 2017, Greene filed a federal civil rights lawsuit under 42 U.S.C. § 1983 based on his overserving his sentence. *See* Case No. 2:17-cv-00943-RFB-GWF, ECF No. 1-1.  On June 28, 2018, Judge Boulware dismissed that lawsuit because Greene failed to plead sufficient facts to support his claims. *Id.* at ECF No. 9.  Green filed this action on August 30, 2019, again asserting claims under 42 U.S.C. § 1983 based on his overserving his sentence. ECF Nos. 1; 11 at 1, 4-11.  The defendants argue that Greene's claims accrued no later than May 4, 2017, the date NDOC acknowledged it had miscalculated Greene's sentence. ECF No. 37 at 4.  Because Greene filed this suit more than two years after that, the defendants contend his claims are time-barred.  I disagree.

**II.     ANALYSIS**

**A.     <u>Greene is entitled to equitable tolling.</u>**

The limitation period for a § 1983 claim is governed by the forum state's limitation period for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  In Nevada, the limitation period for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e).

Federal law governs when a § 1983 claim accrues. *See Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018).  A § 1983 claim for miscalculation of a prison sentence accrues on the date the plaintiff's habeas petition is granted. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A]

prisoner . . . has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *see also Erlin v. United States*, 364 F.3d 1127, 1130-33 (9th Cir. 2004) (relying on *Heck* to find that a plaintiff's Federal Tort Claims Act claim for miscalculation of his prison sentence accrued when the court granted his underlying writ of habeas corpus).

    I previously ruled that Greene's § 1983 claims accrued when his sentence was partially impugned by the state court granting him partial habeas relief on November 29, 2016. ECF No. 45. I noted that neither party had provided me a copy of the judge's order, so I did not know what issues remained before the state court following its grant of partial relief. I have now reviewed the state court habeas order and find it did not trigger the accrual date for Greene's claims. The habeas order acknowledged a sentencing error and required NDOC to restructure the sentence. But it also said that whether "Greene has expired some or all of his sentence[s] . . . will not be determined until the sentence restructuring required by [that] order is completed." ECF No. 54-2 at 5 n.2. Thus, no one knew at that time whether Greene had overserved his sentence. If the recalculation of Greene's sentence resulted in him still having time to serve, then he would not have a claim for overserving his sentence. He was not on notice that he had such a claim until NDOC confirmed by its recalculation that he had overserved. Thus, his claim did not accrue until he was notified he had overserved (apparently on January 31, 2017) and released the next day (February 1, 2017). ECF No. 11 at 36.

    Greene filed this lawsuit more than two years after the state's recalculation of his sentence, so his claims are barred unless the limitation period is tolled. Greene filed his first § 1983 lawsuit on April 3, 2017, two months after his release. *See* Case 2:17-cv-00943-RFB-GWF. That case was dismissed on June 28, 2018 because Greene did not "allege facts sufficient

to show whether any of his term of confinement was invalidated, the period of time that was invalidated, and the particular legal grounds for invalidation." *Id.*, ECF No. 9 at 4. The limitation period should be tolled during the 14 ¾ month period that lawsuit was pending because Greene was diligently pursuing his claims in that suit. *Fausto v. Sanchez-Flores*, 482 P.3d 677, 679, 681-82 (Nev. 2021) (holding the two-year limitation period of Nev. Rev. Stat. § 11.190(4)(e) is subject to equitable tolling). *Cf. Kim v. Dickinson Wright, PLLC*, 442 P.3d 1070, 1073-74 (Nev. 2019) (addressing tolling under 28 U.S.C. § 1367(d) while claims are pending in federal court under supplemental jurisdiction). The defendants have identified no prejudice they would suffer from tolling the limitation period for that time. Indeed, they have been aware of Greene's claims since he initiated his state habeas proceeding and requested monetary sanctions in it. ECF No. 11 at 30-31. Greene is entitled to equitable tolling during the 14 ¾ month period that his first § 1983 lawsuit was pending.

Greene filed this case on August 30, 2019. ECF No. 1. Regardless of whether his claims accrued on November 26, 2016 (the date of the state habeas order), February 1, 2017 (his release date), or May 4, 2017 (the date NDOC admitted its calculation error), Greene's claims are timely because of the equitable tolling of the limitation period while his first § 1983 lawsuit was pending.

**B. Greene is not entitled to a temporary restraining order.**

Greene also filed an ex parte motion[2] for temporary restraining order. ECF No. 48. He requests an investigation into alleged mishandling of his mail by NDOC officials and a transfer to a new facility while this lawsuit is pending. The motion is defective for several reasons. First,

---

[2] While it is titled an ex parte motion, it was not filed under seal and was distributed to the defendants. Thus, it was not truly filed as an ex parte motion. *See* Local Rule IA 7-2. And there would be no reason for it to be filed ex parte.

4

it is not related to any claims asserted in his complaint.  Preliminary injunctive relief is appropriate where "the intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).  But a court cannot issue an injunction that "deals with a matter lying wholly outside the issues in the suit." *Id*.  Greene's complaint asserts no claims based upon how his mail was handled by NDOC.

Nor has Greene shown a likelihood of success on the merits of his claim or irreparable harm. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  While he contends that he has been prohibited from timely responding to orders in this case, his briefs have been filed in the court docket and I have considered them.  I therefore deny his motion for a temporary restraining order.

## C.  I will seek to appoint pro bono counsel for Greene.

Greene has filed a motion for appointment of counsel. ECF No. 61.  He does not have a constitutional right to counsel for this civil rights case, but I may appoint counsel under 28 U.S.C. § 1915(e)(1).  In deciding whether to do so, I "must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Given that Greene overserved his sentence, there is a likelihood that he will succeed on his claims, although the amount of damages is far from certain.  And while Greene has been able to file papers in this case, they tend to be disjointed and rambling.  His various responses to my order to show case demonstrate that he does not readily grasp litigation procedures.  He would benefit from the assistance of counsel in presenting his claims.  While I will not order counsel to be appointed, I will refer this case to the court's Pro Bono Program to determine whether counsel is willing to be appointed as his pro bono counsel.  A separate order will follow.

### III.  CONCLUSION

I THEREFORE ORDER that the defendants Renee Baker and E.K. McDaniel's motion to dismiss **(ECF No. 37) is DENIED.**

I FURTHER ORDER that plaintiff Delbert M. Greene's motion for a temporary restraining order **(ECF No. 48) is denied.**

I FURTHER ORDER that plaintiff Delbert M. Greene's motion to show cause **(ECF No. 55) is denied as moot.**

I FURTHER ORDER that plaintiff Delbert M. Greene's motion for appointment of counsel **(ECF No. 61) is granted.**  I will issue a separate order referring this matter to the court's Pro Bono Program.

DATED this 24th day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE