**DICKINSON WRIGHT PLLC**
John L. Krieger
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Tel: (702) 550-4400

*Attorneys for Plaintiff*
*Delbert M. Greene*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Delbert M. Greene, | Case No: 2:19-cv-01529-APG-VCF |
| Plaintiff, | |
| vs. | **JOINT MOTION TO RELEASE SEALED DOCUMENTS TO COUNSEL** |
| Shelly Williams, Renee Baker and E.K. McDaniel, | |
| Defendants. | |

    Plaintiff Delbert M. Greene ("Plaintiff") and Defendants Renee Baker and E.K. McDaniel ("Defendants") (collectively the "Parties"), by and through their respective counsel of record, hereby respectfully request the Court issue an order requiring the Clerk to provide copies of sealed documents identified on the docket as ECF No. 31 and ECF No. 40 to the Parties' counsel, so that counsel has a complete file for the matter.

    Based upon a review of the docket, it appears ECF Nos. 31 and 40 are related to service of the Complaint on Defendant Shelly Williams. ECF No. 31 follows the Order Granting Plaintiff's Motion to Serve Shelly Williams and ECF No. 40 precedes Plaintiff's Notice of Service of Defendant Shelly Williams. Parties' counsel needs access to these documents in order to assess the completion of service on Defendant Williams, and have access to any information related to Defendant Williams filed on the Court's record.

    The Ninth Circuit has recognized "a strong presumption in favor of access" to court



records. *Kamakan v. City and County of Honolulu*, 447 F.3d 1172, 1178 (internal quotation marks omitted). However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted." *Id.* (internal quotation marks and citation omitted) (alterations in original). Thus, a relaxed "'particularized showing' under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1180 (internal quotation marks and citation omitted). Based upon the Court record, it appears ECF Nos. 31 and 40 were sealed by the Court based upon good cause.

It does not appear ECF Nos. 31 and 40 were sealed for any reason other than good cause. For example, there does not appear to be any request or notice to submit documents for *in camera* review or any prohibition against sharing sealed documents with all counsel of record. Further, within the Local Rules of Practice is a presumption that any such documentation sealed upon the Court record must be provided to all counsel. *See* LR IA 10-5(c) ("An attorney or pro se party who files a document under seal must include with the document (i) a certificate or service certifying that the sealed document was served on the opposing attorney or pro se parties, or (ii) an affidavit showing good cause why the document has not been served on the opposing attorneys or pro se parties."); *see also Fed. Trade Comm'n v. Consumer Def., LLC*, 218CV00030JCMPAL, 2018 WL 3997260, at *2 (D. Nev. Aug. 21, 2018) (citing LR IA 10-5) ("Documents filed under seal, on the other hand, can be viewed by the court and other parties but not by the public, and the document is part of the record."). There is no reason why the documents cannot be shared with the Parties' counsel.

/ / /

/ / /

/ / /

/ / /

/ / /



The Parties therefore seek an order from the Court requiring the Clerk of the Court to provide the Parties' counsel with complete copies of ECF Nos. 31 and 40.

DATED this 2nd day of October, 2023.   DATED this 2nd day of October, 2023.

**DICKINSON WRIGHT PLLC**              **AARON D. FORD**
                                       **Attorney General**

*/s/ John L. Krieger*                  */s/ Sabrena Clinton*
John L. Krieger, Esq.                  Sabrena Clinton, Esq.
Email: jkrieger@dickinson-wright.com   Email: sclinton@ag.nv.gov
3883 Howard Hughes Parkway, Suite 800  555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89169                Las Vegas, Nevada 89101

*Attorneys for Plaintiff*              *Attorneys for Renee Baker and E.K. McDaniel*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:  10-6-2023



3