1  **DICKINSON WRIGHT PLLC**
   JOHN L. KRIEGER, ESQ.
2  Nevada Bar No. 6023
   Email: jkrieger@dickinson-wright.com
3  SHAELYN DIETER, ESQ.
   Nevada Bar No. 16521
4  Email: SDieter@dickinson-wright.com
5  3883 Howard Hughes Parkway, Suite 800
   Las Vegas, Nevada 89169
6  Tel: (702) 550-4400

7  *Attorneys for Plaintiff*

8                  **UNITED STATES DISTRICT COURT**
9                     **DISTRICT OF NEVADA**

10 Delbert M. Greene,                      Case No: 2:19-cv-01529-APG-VCF

11                          Plaintiff,

12 vs.                                     ~~PROPOSED~~ **DISCOVERY PLAN AND**
                                           **SCHEDULING ORDER**
13
   Shelly Williams, Renee Baker, and E.K.
14 McDaniel,

15                          Defendants.

16

17

18        Plaintiff Delbert Greene ("Plaintiff") and Defendants Renee Baker and E.K. McDaniel

19 ("Defendants") (collectively the "Parties"), by and through their respective counsel of record,

20 hereby respectfully submit this Joint Proposed Discovery Plan and Scheduling Order under

21 Federal Rule of Civil Procedure ("Rule") 26(f) and Local Rule ("LR") 26-1(e).

22        1.    <u>Meeting Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a)</u>.

23        At the outset, the Parties acknowledge the language of Fed. R. Civ. P. 26(a)(1)(B)(iv)

24 exempts actions <u>brought</u> by an inmate in custody without an attorney. However, courts in this

25 District have noted that addressing the requirements of Fed. R. Civ. P., including exchanging

26 initial disclosures, may be helpful in managing the action "taking into account the extent of

27 prisoner litigation in [the] district, the desire to manage those cases efficiently, the desire to

28 secure the just, speedy, and inexpensive determination of this case, the importance of the issues



at stake, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and the value of initial disclosure of information obtained through the administrative grievance process." *Herndon v. State*, No. 3:22-CV-271-ART-CLB, 2023 WL 3995534, at *1 (D. Nev. June 14, 2023) (rejecting argument that exemption under FRCP 26(a)(1)(B)(iv) did not foreclose the court's ability to require the exchange of similar information). Plaintiff's counsel maintains initial disclosures would be extremely helpful in this matter, and that the Parties needed to address a variety of "housekeeping" issues related to discovery. Notwithstanding its disagreement, the State agreed to participate in a Rule 26(f) conference.

On December 14, 2023, the Parties conducted a telephonic Rule 26(f) discovery planning conference to discuss all of the issues required by Fed. R. Civ. P. 26(f). John Krieger and Shaelyn Dieter attended on behalf of Plaintiff Delbert M. Greene.  Sabrena Clinton appeared on behalf of Defendants Renee Baker and E.K. McDaniel.

**2.    Subject of Discovery:**

All matters within the scope of Fed. R. Civ. P. 26.

**3.    Initial Disclosures:**

The Parties will serve Initial Disclosures under Rule 26(a)(1) on or before December 29, 2023.

**4.    Discovery Plan and Phases:**

The Parties agree that discovery may be conducted on all matters relevant to the issues raised by the pleadings and all matters otherwise within the scope of Rule 26(b)(1) and not protected from disclosure.

The Court has already established discovery deadlines in this case. (ECF No. 87). The Parties are actively engaged in discovery: The State has issued discovery requests to Plaintiff, and Plaintiff has issued subpoenas and intends to serve written discovery requests on Defendants shortly. However, in order to accommodate an opportunity to exchange initial disclosures and documentation that may already be in each Party's possession, the Parties have agreed to extend the existing deadlines by 90 days.



While the Parties agree to make a good faith effort to comply with the agreed-upon deadlines, additional time to meet those deadlines may be necessary.  The proposed discovery plan is as follows:

| Event | Existing Deadline | Proposed New Deadline |
|---|---|---|
| Expert Disclosures (for party with the burden of proof on the issue) | January 2, 2024 | April 2, 2024 |
| Last day to Amend Pleadings | January 31, 2024 | April 30, 2024 |
| Rebuttal Expert Disclosures | February 1, 2024 | May 1, 2024 |
| Discovery Cutoff | February 29, 2024 | May 29, 2024 |
| Discovery Motion Deadline | March 15, 2024 | June 15, 2024 |
| Dispositive Motion Deadline | March 29, 2024 | June 29, 2024 |
| Joint Proposed Pretrial Order | April 30, 2024 | July 30, 2024 |

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**5.** **Alternative Dispute Resolution:**

The Parties do not believe a settlement conference would be fruitful at this time.

**6.** **Alternative Forms of Case Disposition:**

The Parties discussed trial by a Magistrate Judge and use of the Short Trial Program. The Parties do not agree to a trial by Magistrate Judge or use of the Short Trial Program.

**7.** **Electronic Evidence:**

Each Party intends to present evidence in electronic format should this dispute be placed before a jury. The Parties have not yet reached any stipulations on this issue. The parties will confer with court staff as trial approaches to ensure that any electronic evidence is compatible with the Court's evidence display system.

**8.** **Discovery of Electronically Stored Information (ESI):**

The parties agree to work in good faith to accommodate discovery of ESI, which shall include non-traditional forms, including but not limited to, text messages, social media, and cloud-based ESI.  Plaintiff proposed to produce  electronic documents in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF"), with all relevant associated metadata



provided in the form of a load file or some alternative discovery method that preserve the documents' searchability in review software or other document management software. Defendant proposed to produce electronic documents in native format or in native PDF format. The parties agree to make a good faith effort to resolve any issues concerning the authenticity of a document before any request for metadata. Any request for metadata by the non-producing party shall be document specific and identify the reason for challenging the document's authenticity, which metadata will not be unreasonably withheld by the producing party. With respect to the production of any information either electronically stored or otherwise, the party producing the information shall pay for the preparation and reproduction costs of doing so.

**9.**     **Discovery Limitations:**

The Parties will follow the procedures set forth in the Federal Rules of Civil Procedure.

**10.**     **Other Planning or Discovery Orders:**

**a.**     **Protective Order:** The Parties agree to work in good faith to submit a Proposed Protective Order for the Court's approval.

**b.**     **Consent to electronic service:**  Both Parties consent to electronic service in this case pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**c.**     **Privilege**: If a party, through inadvertence, produced or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the party may claw-back the protected document by making a written request to the receiving party specifically identifying the protected document by bates number and providing a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall return to the producing party such inadvertently produced materials and all copies thereof and shall destroy all electronically stored copies thereof within five (5) calendar days of receipt of the written request. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery. The record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this action. No information in an inadvertently



produced document may be used or relied upon for any other purpose in this action until the Court so orders. After the return of the document(s), the receiving party may challenge the producing party's claim(s) of privilege or work-product by making a motion to the Court.

      **11.**     <u>**Extension or Modification of the Discovery Plan and Scheduling Order**</u>.

      Local Rule 26 governs modifications or extensions to this discovery plan and scheduling order. Any stipulation or motion must be made not later than twenty-one (21) days before the expiration of the subject deadline and comply fully with LR 26-4.

      **IT IS SO STIPULATED AND AGREED.**

DATED this 29th day of December, 2023.      DATED this 29th day of December, 2023.

**DICKINSON WRIGHT PLLC**           **NEVADA ATTORNEY GENERAL**

*/s/ John L. Krieger*                */s/ Sabrena K. Clinton*
John L. Krieger, Esq.               Sabrena K. Clinton, Esq.
Email: jkrieger@dickinson-wright.com     Email: sclinton@ag.nv.gov
Shaelyn Dieter, Esq.                555 E. Washington Avenue, Suite 3900
Email: sdieter@dickinson-wright.com      Las Vegas, Nevada 89101
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169            *Attorneys for Renee Baker and E.K. McDaniel*

*Attorneys for Plaintiff*

                          **IT IS SO ORDERED:**

                          **UNITED STATES MAGISTRATE JUDGE**

                          DATED:   1-2-2024

