**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Delbert M. Greene,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>State of Nevada, *et al*,<br><br>                    Defendant(s). | 2:19-cv-01529-APG-MDC<br><br>**Order** |

Pending before the Court is defendants' *Motion for Independent Medical Examination* ("IME Motion") (ECF No. 100). The Court grants the motion and orders plaintiff to submit to a medical exam.

**DISCUSSION**

**I.       BACKGROUND**

Plaintiff Delbert M. Greene is an incarcerated individual and currently held at High Desert State Prison. Among his various claims, plaintiff alleges that he remained in the custody of the Nevada Department of Corrections after the expiration of his sentence. ECF Nos 11, 13, and 100. Plaintiff alleges that during that time he was subject to physical and mental trauma. *Id.*

Defendants filed an IME Motion (ECF No. 100), requesting to conduct an independent medical examination via video conference. ECF No. 100 at 2:3. Plaintiff responded by objecting (ECF No. 103) to the IME Motion, arguing that the IME Motion "fails to delineate the specific tests and inquiries to be employed during the examination, leaving an undue breadth that could unjustly encroach upon [p]laintiff's privacy and the relevant scope of the claimed injuries." ECF No. 103 at 4-6. In turn, defendants reply, arguing that the explained "the examination would involve a mental and physical analysis for timeframes that pre and post-date the period at issue, which is a standard clinical practice." ECF No. 105 at 2:23-25. Defendants argue that "an IME conducted in accord with routine and standard psychiatric practices cannot be limited as Greene proposes." *Id.* at 4:4-5. In his surreply, plaintiff maintained his opposition to the IME Motion and requested that the Court "exercise its discretion to

limit the scope of the IME to only those matters directly relevant to the claims of trauma during the specific period of [p]laintiff's incarceration." ECF No. 111 at 3:23-26.

## II.    LEGAL STANDARD

Rule 35 of the Federal Rules of Civil Procedure provides that for good cause show, the Court "may order a party whose mental or physical condition…is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). Rule 35 is liberally construed in favor of granting discovery. *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). To justify the examination, the movant must show that (1) the person to be examined placed their mental or physical condition in controversy and (2) good cause exists. *Id.* at 118-119. "A [person'] mental or physical condition is in controversy when the condition is the subject of the litigation." *Snipes v. United States*, 334 F.R.D. 667, 669 (N.D. Cal. 2020) (citing *Haqq v. Stanford Hospital & Clinics*, 2007 WL 1593224, at *1 (N.D. Cal. June 1, 2007)). "Good cause generally requires a showing of specific facts justifying the exam." *Mendoza v. City of Peoria*, 2013 WL 5705365, at *2 (D. Ariz. Oct. 21, 2013) (citing *Haqq*, 2007 WL 1593224, at *1).

"If the Court chooses to grant a motion for an examination, the order 'must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.'" *Delvecchia v. Frontier Airlines, Inc.*, 2023 WL 1963162, at *2 (D. Nev. Feb. 13, 2023) (citing Fed. R. Civ. P. 35(a)(2)(B)).

## III.   ANALYSIS

The parties seem to agree an independent medical examination is warranted.[1] The only controversy between the parties is the scope of the examination. See ECF Nos. 100, 103, 105, and 111. Defendants seem to seek an examination of a period pre- and post-incarceration. ECF No. 105 at 3. Plaintiffs seek to restrict the examination to the period of the alleged over-incarceration. ECF No. 111 at 2:16-19.

---

[1] Plaintiff does maintain his opposition to the IME Motion (ECF No. 100). See ECF No. 111.

The Court agrees that defendants have shown that plaintiff's medical condition is in controversy and that good cause exists for the examination within the scope proposed by defendants. *Schlagenhauf*, 379 U.S. at 118-119. Defendants have appropriately noted that plaintiff alleged:

> [H]e was subjected to "psychological deaths, stabbings, shooting and mistreatment" while in custody past the alleged expiration of his sentence. ECF No. 11 at 10. He also asserts that he is "dealing with behavioral disorders, mental, [and] emotional" stemming from those experiences. *Id*. These allegations are inextricably linked to his Eighth Amendment claim and his claims for damages.

ECF No. 100 at 2:20-24.

Courts have also acknowledged that "an independent medical examination is warranted where the plaintiff identifies specific injuries caused by the defendant's conduct." *Snipes*, 334 F.R.D. at 670 (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)).

The Court now turns to the core of parties' disagreement – the scope of the examination. At issue is whether the scope of defendants' proposed examination is too broad. As noted above, defendants seek a psychiatric examination of a time that would consist of a period pre- and post-incarceration while plaintiffs seek to restrict the examination to a period limited to the alleged over-incarceration. ECF Nos. 105 and 111. Plaintiff alleges that his medically related injuries occurred as a result of the over-incarceration. However, it is unclear how this defeats the government's right to conduct discovery to ascertain whether the over-incarceration was the source of plaintiff's injuries. *See Snipe*, 334 F.R.D. at 672 (citing *Varfolomeeva v. United States*, 2017 U.S. Dist. LEXIS 201100, at *5 (E.D. Cal. Dec. 6, 2017)). The Court finds that plaintiff has failed to show that examiners should not be allowed to exercise discretion in the manner and means of conducting the examination. *See Snipes*, 334 F.R.D. at 672-73 (citing *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995)) (Courts give preference to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided that it is not an improper examination). Dr. Penn has provided a declaration, under penalty of perjury, that "because Mr. Greene alleges trauma from his overincarceration, it is standard

practices for the evaluation of to examine life experiences and traumatic events from different time period to determine what, if any, impact they have on his response to trauma." ECF No. 105-1 at 2, ¶6. The Court will defer to Dr. Penn's medical expertise.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The Motion for Independent Medical Examination (ECF No. 100) is GRANTED.
2. The testing shall take place on May 29, 2024, and May 30, 2024, starting at 10:00am and shall end by no later than 3:00pm, including adequate lunch breaks and rest breaks. However, the date, location, and time of the exam may be revised upon a timely request and the mutual consent of both parties.
3. The Independent Medical Examination of plaintiff Delbert M. Greene will be conducted by Dr. Joseph Penn via video conference technology. Dr. Penn is permitted to conduct recognized and appropriate psychological testing, at his discretion. The specific tests to be administered will be revealed at the time of the examination.
4. Dr. Penn will make audio-video recordings of the examination and plaintiff may make recordings as well.
5. All costs associated with the IME will be paid by defendants.
6. Plaintiff shall cooperate and not interfere with Dr. Penn's ability to effectively perform the exam.
7. Consistent with Rule 35, the examining physician(s) must prepare written reports setting out in detail their findings, including diagnoses, conclusions, and the results of any tests. Fed. R. Civ. P. 35(b)(2).
8. If plaintiff's counsel – understanding the potential reciprocal discovery obligations and the waiver provisions of Rule 35 – so requests of defendants' counsel in writing, defendants'

counsel must deliver copies of the examiner's reports to plaintiff's counsel as well as copies of the raw data collected by Dr. Penn. Fed. R. Civ. P. 35(b)(1).

DATED this 15th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge