1 Name: DELBERT M. GREENE
2 ID#: 78774
3 HDSP
4 P.O. Box 650
5 Indian Springs, NV 89070

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| DELBERT M. GREENE | Case No.: 2:19-CV-01529-APG-MDC |
|---|---|
| Plaintiff, | |
| -V- | MOTION SEEKING CLARIFICATION IN |
| STATE OF NEVADA, et al., | REGARDS TO SETTLEMENT OFFER |
| Defendant(s). | |

COME NOW THE PLAINTIFF, DELBERT M. GREENE, SEEKING A CLARIFICATION IN REGARDS TO SETTLEMENT OFFER. THE DEFENDANTS OFFERED A $ TWO HUNDRED THOUSAND DOLLAR SETTLEMENT IN WHICH I AGREED TO THIS OFFER See EXHIBIT "A".

PLAINTIFF REQUEST IS FOR THE U.S. DISTRICT COURT TO HOLD THE CHECK AMOUNT OF $ 195,000 DOLLARS; UNTIL THE POWER OF ATTORNEY "KIMBERLY ANN DAVIS" COLLECTS AND PICK UP THE CHECK AND DEPOSIT IT INTO A BANK UNDER MY NAME.

DATED THIS 20TH DAY OF NOVEMBER 2025

DELBERT M. GREENE
#78774

## AFFIDAVIT OF: DELBERT M. GREENE

I DELBERT M. GREENE, SWEAR UNDER THE PENALTY OF PERJURY THAT THIS IS MY REQUEST:

THAT DEFENDENTS WILL ISSUE A CHECK FOR $200,000 DOLLARS.

1. FIVE THOUSAND DOLLARS WILL GO INTO PLAINTIFFS ACCOUNT TRUST.

2. ONE HUNDRED NINTY FIVE THOUSAND DOLLAR CHECK WILL BE GIVE TO THE COURT FOR HOLDING, UP AND TIL KIMBERLY ANN DAVIS PICK UP THE CHECK BY PROVIDING HER "POWER OF ATTORNEY", THIS DOCUMENT WILL BE ACOMPANIED WITH BANKING INSTRUCTIONS FOR HER TO DEPOSIT AS THE GRANTOR DELBERT M. GREENE HAS WRITTEN.

3. NO OTHER FORM OF CONTROL SHOULDN'T TAKE PLACE WITHOUT MY CONSENT AND AUTHORIZATION.

THIS WAS WRITTEN AND SIGNED AT HDSP ON THE 20TH DAY OF NOVEMBER 2025. NO OTHER ACTION SHOULD TAKE PLACE.

DATED THIS 20TH DAY OF NOVEMBER 2025

DELBERT M. GREENE
#78774

Page 1 of 2

# AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding _MOTION_

_SEEKING CLARIFICATION IN REGARDS TO SETTLEMENT OFFER_
(Title of Document)

filed in District Court Case number _2:19-CV-01529-APG-MDC_

☒   Does not contain the social security number of any person.

-OR-

☐   Contains the social security number of a person as required by:

   A. A specific state or federal law, to wit:

   _____
   (State specific law)

   -or-

   B. For the administration of a public program or for an application for a federal or state grant.

_[Signature]_                                       _11-20-2025_
Signature                                            Date

_DELBERT M. GREENE_
Print Name

_PLAINTIFF_
Title

# CERTIFICATE OF SERVICE BY MAILING

I, _DELBERT M. GREENE_, hereby certify, pursuant to NRCP 5(b), that on this _20_ day of _NOVEMBER_ 20_25_, I mailed a true and correct copy of the foregoing, "_MOTION SEEKING CLARIFICATION IN REGARDS TO SETTLEMENT OFFER_" by depositing it in the High Desert State Prison, Legal Library, First-Class Postage, fully prepaid, addressed as follows:

CC:FILE

DATED: this _20_ day of _NOV_, 20_25_.

_Delbert M. Greene_ #78724
/In Propria Personam
Post Office box 650 [HDSP]
Indian Springs, Nevada 89018
IN FORMA PAUPERIS:

## Settlement Agreement and Full and Final Release of Claims

Case Name: Delbert M. Greene v. State of Nevada, et al.,

Case No.: 2:19-cv-01529-APG-MDC, hereinafter referred to as:

"The Matter"

| Plaintiff: | Defendants: |
|---|---|
| Delbert M. Greene #78774 | Renee Baker |
| | E.K. McDaniel |

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is made and entered into by, Plaintiff Delbert M. Greene, #78774 (the "Plaintiff") and the State of Nevada *ex rel.* Nevada Department of Corrections, on behalf of Defendants Renee Baker, E.K. McDaniel and all other named or unnamed Defendants in this matter (jointly referred to as "NDOC"). This Agreement is being entered into by Plaintiff and NDOC (collectively, the "Parties") because each of them has determined that resolving this Matter by way of settlement is preferable than continuing to litigate this Matter before the U.S. District Court for the District of Nevada ("Court").

Plaintiff and NDOC agree to resolve all claims raised in this Matter on the following terms:

1. NDOC and Plaintiff have agreed to the following non-monetary terms:
    a. None.

2. NDOC will not forgive Plaintiff's institutional debt.

3. The State of Nevada, on behalf of NDOC and all named and unnamed Defendants, will pay the Plaintiff the sum of $200,000.00 (TWO HUNDRED THOUSAND DOLLARS AND ZERO CENTS) (the "**Settlement Amount**") to be disbursed to Plaintiff's Counsel (as defined below) and as further set forth in paragraph 4 of this Agreement.

    a. Plaintiff and Plaintiff's counsel understand that the Settlement Amount will be paid in two installments. NDOC will pay the first $500.00, with the remaining $199,500.00 paid by the State of Nevada Tort Fund.

    b. The Settlement Amount is inclusive of all attorney's fees and costs as further detailed below in paragraph 5.

    c. This settlement is contingent on approval by the State of Nevada Board of Examiners ("Board of Examiners"). Defendants will make efforts to get this settlement onto the December 9, 2025, Board of Examiners agenda, and payment

Settlement Agreement and Full and Final Release – PAGE 1

will be processed as soon as practicable if it is approved by the Board of Examiners.

4. Unless otherwise noted, the terms outlined in paragraphs 1-3 above shall be completed within thirty (30) days of this Agreement and only after the approval of the State of Nevada, Board of Examiners.

5. Plaintiff is represented in this Matter by counsel: JOHN KRIEGER and JORDAN MARCHELLO of Dickenson Wright PLLC ("Plaintiff's counsel"). Plaintiff and Plaintiff's counsel have separately negotiated and agreed upon an apportionment of the Settlement Amount. NDOC will disburse the Settlement Amount as instructed by Plaintiff and Plaintiff's counsel. The following apportionment of the Settlement Amount is reported to fulfill the Parties' obligations under NRS 41.0375(1)(b):

    a. $199,500.00 (ONE HUNDRED NINETY-NINE DOLLARS AND ZERO CENTS) will be deposited into Plaintiff's counsel's trust account to be distributed per Plaintiff's written authorization.

    b. $500.00 (FIVE HUNDRED DOLLARS AND ZERO CENTS, NDOC check) will be placed in NDOC Trust 2 account for Plaintiff.

    c. $0.00 in attorney's fees to be disbursed directly to counsel.

    d. $0.00 in costs to be disbursed directly to counsel.

6. In consideration of this Agreement, the Plaintiff has signed a Stipulation and Order to Dismiss with Prejudice the Matter at the same time as signing this Agreement. The Parties consider the Stipulation and Order to Dismiss with Prejudice part of this Agreement.

7. Within forty-five (45) days this Agreement being signed by all Parties and approved by the Nevada Board of Examiners, NDOC will file the Stipulation and Order to Dismiss with Prejudice, or, alternatively, if the terms of the Settlement have not been completed, a Status Report. If a Status Report is filed, the Status Report must inform the Court as to what terms are yet to be completed, along with an explanation as to why the terms have not yet been completed and when NDOC anticipates the outstanding terms will be completed. Plaintiff shall have seven (7) days to file an objection to a Status Report filed by NDOC. Unless the Court orders otherwise, NDOC must file another Status Report within thirty (30) days of the filing of any Status Report in the Matter, or the Stipulation and Order to Dismiss with Prejudice must be filed.

8. If there is a delay in completing the terms of this Settlement Agreement, the Parties agree that a Motion to Enforce will not be filed until after the time frames described in Paragraph 7 have fully expired, but also agree that such Motion be filed within seven (7) days following the expiration of the timelines in Paragraph 7.

9. This Agreement represents a mutual release of all claims related to or arising out of the Matter and any facts pertinent to or underlying the Matter. The Plaintiff and NDOC understand that they are entering into a comprehensive settlement that is meant to represent a complete release of all claims related to or arising out of the Matter.

10. Plaintiff understands that the Dismissal of the Matter applies to: (a) all claims that were or could have been raised in this matter; and (b) all Defendants that were or could have been named in the Matter, whether those Defendants are current or former employees of the State of Nevada or NDOC.

11. Plaintiff understands that by entering this Agreement, neither NDOC nor any of the individually named defendants are making any admission of liability for the claims raised in the Matter.

12. Plaintiff understands that he is not entitled to any other payments, including but not limited to attorney fees and costs, filing fees, copy costs or postage.

13. This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada. Should any court declare or determine any provision of this Agreement to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected by said illegal or invalid part, term, or provision; said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The Parties acknowledge that the Agreement has been drafted by both Parties and therefore any ambiguity in the Agreement will not be construed in favor for or against either Party.

14. Plaintiff and NDOC understand the Court retains jurisdiction over the Matter for purposes of enforcing this Settlement Agreement only until the Stipulation and Order to Dismiss with Prejudice is granted. Once the Court has signed the Stipulation and Order to Dismiss with Prejudice, the case is dismissed, and the Court will no longer have jurisdiction over this Matter.

| Plaintiff: | On behalf of NDOC: |
|---|---|
| By: _____ *(signed)* | By: _____ |
| Name: Delbert M. Greene (NDOC # 78774) | Name: _____ |
| Date: November 20th 2025 | Title: _____ |
| | Date: _____ |